**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BEN VEAL, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   v. | )   Civil Action No.: 14-cv-05810 |
| | ) |
| RUBBERMAID COMMERCIAL | )   Hon. Judge Rebecca R. Pallmeyer |
| PRODUCTS, LLC, | ) |
| | ) |
|        Defendant. | ) |

**DEFENDANT RUBBERMAID COMMERCIAL PRODUCTS, LLC'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FRAUD CLAIM**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 2

III. ARGUMENT ......................................................................................................................... 5

   A. Legal Standard .................................................................................................................. 5

   B. Veal failed to state a claim of fraud upon which relief can be granted ............................. 6

      1. Veal cannot establish its reliance on, and action based on the truthfulness of Rubbermaid's count of licensed products.......................................................................... 6

      2. Veal cannot establish Rubbermaid's knowledge of the falsity of its sales data, or establish Rubbermaid's intent to induce Veal to act.......................................................... 7

   C. Veal's breach of contract claim cannot be transformed into fraud .................................... 9

IV. CONCLUSION.................................................................................................................... 10

i

## TABLE OF AUTHORITIES

**CASES** **PAGES**

*Amzak Corp. v. Reliant Energy, Inc.*,
  2004 WL 1882482 (N.D. Ill. August 19, 2004) ......................................................................... 7

*AnchorBank, FSB v. Hofer*,
  649 F.3d 610 (7th Cir. 2011 ..................................................................................................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 5

*Avery v. State Farm*,
  216 Ill.2d 100, 835 N.E.2d 801(Ill. 2005) ............................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 5

*BPI Energy Holdings, Inc. v. IEC (Montgomery), LLC*,
  664 F.3d 131 (7th Cir. 2011) ................................................................................................... 9

*Cotter v. Parrish*,
  520 N.E.2d 1172 (Ill. App. 5th Dist. 1988) ............................................................................. 6

*Desnick v. American Broadcasting Companies, Inc.*,
  44 F.3d 1345 (7th Cir.1995) .................................................................................................... 9

*Greenberger v. GEICO General Ins. Co.*,
  631 F.3d 392 (7th Cir. 2011) ............................................................................................... 1, 6

*Hoseman v. Weinschneider*,
  322 F.3d 468 (7th Cir. 2003) ................................................................................................... 6

*JPMorgan Chase Bank, N.A. v. East-West Logistics, L.L.C.*,
  9 N.E.3d 104 (Ill. App. 1st Dist. 2014) ........................................................................... 2, 4, 7

*Perlman v. Zell*,
  185 F.3d 850 (7th Cir. 1999) ................................................................................................... 9

*Prime Leasing, Inc. v. Kendig*,
  332 Ill.App.3d 300 (Ill. App. 1 Dist. 2002) ............................................................................. 7

*Ryan v. City of Chicago*,
  274 Ill. App.3d 913 (1st Dist. 1995) ........................................................................................ 1

*Virnich v. Vorwald*,
  664 F.3d 206 (7th Cir. 2011) ................................................................................................... 5

*Wachovia Securities, LLC v. Neuhauser et. al.*,
  2004 WL 2526390 (N.D. Ill. 2004) .......................................................................................... 5

**RULES**

Fed. R. Civ. P. 9(b) ........................................................................................................ 5, 7, 8, 9

I.      **INTRODUCTION**

This dispute arises out of Plaintiff Ben Veal's ("Veal") dissatisfaction with Defendant Rubbermaid Commercial Products LLC's ("Rubbermaid") sales of "Auto Flush for Tank Toilet" products covered by a license between Veal and Rubbermaid. Rubbermaid contends the products were commercial failures, but Veal alleges Rubbermaid understated the true sales figures.[1] Veal brought this action alleging breach of contract, and common law fraud based on the same operative facts giving rise to Veal's breach of contract claim in an apparent attempt to collect "punitive damages" for Rubbermaid's alleged breach of contract.[2] But, punitive damages are not available for breach of contract,[3] and to guard against every contract case becoming a fraud case, Veal's fraud claim must involve something more than reformulated allegations of a contractual breach.[4]

Veal's fraud claim fails to state a claim on which relief could be granted because Veal cannot establish: (1) Rubbermaid knew or believed its accounting of licensed sales were inaccurate; (2) Rubbermaid provided the sales data with the *intent* to induce action by Veal in reliance on that data; and (3) Rubbermaid did in fact induce Veal's action in reliance on his

---

[1] D.I. 1-1 (Complaint) at ¶1 (" . . . Rubbermaid has made and continues to make material lies to Plaintiff about the amount of the Licensed Products it has sold . . .").

[2] *Id.* at ¶¶72-90.

[3] *Ryan v. City of Chicago*, 274 Ill. App.3d 913, 926 (1st Dist. 1995) (Under Illinois law, "punitive damages are not recoverable for breach of contract; the sole purpose of contract damages is to compensate the nonbreaching party, and punitive damages are not available even for a 'willful' breach of contract.").

[4] *Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392, 395 (7th Cir. 2011) ("*Avery* also made clear that fraud claims must contain something more than reformulated allegations of a contractual breach. [Plaintiff] alleges [Defendant] never intended to restore his car to its preloss condition and failed to disclose that it regularly breaches this contractual promise. These are breach-of-contract allegations dressed up in the language of fraud. They cannot support statutory or common-law fraud claims").

1

belief in the accuracy of Rubbermaid's accounting of licensed sales.[5]

Veal simply alleges facts to support a dispute between an unsatisfied licensor, and its licensee regarding the amount due under their license. The allegations as pled cannot and do not constitute common law fraud, or fraud would result in *every* instance in which a licensee disagrees with a licensor on the number of licensed products subject to the license. This case should proceed on the merits of the claim Veal properly pled, breach of contract, and nothing more.

## II.    STATEMENT OF FACTS

According to the Complaint, Veal entered into several contracts between 2001 and 2005 with Technical Concepts L.P. ("Technical Concepts") regarding the manufacture and distribution of products licensed under certain patents.[6] In 2008, Defendant Rubbermaid acquired Technical Concepts.[7]

Under the Technical Concepts-Veal agreements, Rubbermaid was required to pay Veal a royalty based on the quantity of licensed products sold.[8] Over time, Rubbermaid paid Veal based on its records of sales of licensed products. Apparently unsatisfied with the payments, Veal asked Rubbermaid for additional sales data, and concluded Rubbermaid was not accurately reporting its sales of licensed products.[9] Although Rubbermaid provided Veal with sales reports,[10] Veal maintains that Rubbermaid did not pay the proper amount under the contracts,

---

[5] *JPMorgan Chase Bank, N.A. v. East-West Logistics, L.L.C.*, 9 N.E.3d 104, 120 (Ill. App. 1st Dist. 2014).

[6] D.I. 1-1 (Complaint) at ¶¶14, 17, 22.

[7] *Id.* at ¶34.

[8] *Id.* at ¶29.

[9] *Id.* at ¶42.

[10] *Id.* at ¶43.

and alleges that Rubbermaid breached one or more of the Technical Concepts-Veal agreements.[11]

Veal's alleges a claim for common law fraud based on "material lies to Plaintiff about the amount of Licensed Products it has sold."[12] In the paragraphs pled under the heading "Count II – Common Law Fraud," Veal repackages the same facts relied on for Veal's breach of contract claim to support its claim for common law fraud.

*First,* Veal does not specify which misrepresentation is the subject of Veal's common law fraud claim. Veal simply states "material lies" were told without specifying the content of the "lies," who made the statements, when the statements were made, and the basis for Veal's contention that indeed the statements are "lies."

*Second*, Veal alleges Rubbermaid knew its reported sales figures were inaccurate because Veal told Rubbermaid the sales figures showed some "discrepancies" when compared to other data sources:

> 85. ***Plaintiff has repeatedly made clear to Rubbermaid the discrepancies between the different sales numbers Rubbermaid has reported to Plaintiff*** for the same time periods, the discrepancies between Rubbermaid's royalty payments and the amount of sales figures Rubbermaid reported, the discrepancies between Rubbermaid's sales reports and Rubbermaid's tax filings, and the discrepancies between Rubbermaid's suppliers and Rubbermaid regarding the number of products sold, among other discrepancies.[13]

*Third*, Veal makes no allegation concerning Rubbermaid's intent to induce action by Veal in reliance on Rubbermaid's calculations of licensed products. Here, Veal circularly argues that Rubbermaid withheld the true sales data "to perpetuate its fraud":

---

[11] *Id.* at ¶78.

[12] *Id.* at ¶84.

[13] *Id.* at ¶85 (emphasis added).

3

> 88. Upon information and belief, ***Rubbermaid has withheld the sales data*** to <u>perpetuate its fraud</u> so that Rubbermaid may continue to sell Licensed Products without Plaintiff's knowledge and without making full royalty and commission payments to Plaintiff.[14]

*Fourth*, Veal fails to allege any action Veal took relying on the truthfulness of Rubbermaid's alleged inaccurate report on the sales of licensed products.[15] Instead, Veal alleges Rubbermaid "led plaintiff to believe" and caused him "to receive less royalty and commission payments than he was entitled to without being aware of the Rubbermaid's breach":

> 89. Rubbermaid led plaintiff to believe and reasonably rely upon Rubbermaid's erroneous sales reports and royalty payments, which damaged Plaintiff in that Plaintiff continued to receive less royalty and commission payments than he was entitled to without being aware of the Rubbermaid's breach.[16]

Thus, Veal merely alleged that Rubbermaid's purported misrepresentation caused Veal to suffer contract damages. In other words, no action was taken by Veal in reliance on the alleged misrepresentation.

*Fifth*, Veal's purported injury is remedied by the same compensatory damages Veal alleges are due for breach of contract:

> 90. ***Rubbermaid has been unjustly enriched*** to the extent it has benefits from Plaintiff s Licensed Products without paying to Plaintiff his entitled royalty and commission payments.[17]

Veal should not be permitted to reformulate its breach of contract claim to fit fraud so they can pursue punitive damages.

---

[14] *Id.* at ¶88 (emphasis added).

[15] *JPMorgan,* 9 N.E.3d at 120.

[16] *Id.* at ¶89.

[17] *Id.* at ¶90 (emphasis added); *see also Id.* at ¶89 ("Plaintiff continued to receive less royalty and commission payments than he was entitled to without being aware of the Rubbermaid's breach").

**III.  ARGUMENT**

  **A.  Legal Standard**

Under the pleading requirements adopted by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss.[18] For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20] As such, "[d]ismissal for failure to state a claim under Rule 12(b)(6) is proper 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'"[21]

An allegation of fraud "must state with particularity the circumstances constituting fraud."[22] The circumstances of fraud generally include, "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation and the method by which the misrepresentation was communicated to the plaintiff."[23] Without those specifics, a fraud claim fails to comply with the specificity requirement of Fed. R. Civ. P. 9(b).[24]

Fraud claims are distinct from claims for breach of contract, and should consist of

---

[18] *Twombly,* 550 U.S. at 547.

[19] *Iqbal,* 556 U.S. at 678.

[20] *Id.*

[21] *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (citation omitted).

[22] Fed. R. Civ. P. 9(b).

[23] *Wachovia Securities, LLC v. Neuhauser et. al.*, No. 04-C-3082, 2004 WL 2526390, *4 (N.D. Ill. 2004).

[24] *Id.*

5

something more than reformulated allegations of a contractual breach.[25] Veal's complaint fails to state a claim because it alleges nothing more than Veal's allegation that Rubbermaid failed to pay the appropriate amount under the Technical Concepts-Veal agreements. Those allegations cannot support common law fraud as a matter of law.

### B. Veal failed to state a claim of fraud upon which relief can be granted

In Illinois, to state a claim for fraud, Veal must establish: (1) a false statement of material fact; (2) that the statement is known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance.[26] Veal's claim should be dismissed because he cannot establish at least three of the elements of common law fraud.

#### 1. Veal cannot establish its reliance on, and action based on the truthfulness of Rubbermaid's count of licensed products

Rubbermaid presented Veal with its sales data, but Veal maintained his disagreement with Rubbermaid's report and royalty payments.[27] It is apparent from the Complaint that Veal **always** insisted he was underpaid by Rubbermaid, and **never** believed in the truthfulness of Rubbermaid's purported "material lies." As a result of never believing the sales data provided to him, Veal does not, and cannot argue he was duped by Rubbermaid's accounting of licensed products. Thus, as a matter of law, Veal cannot establish his reliance on the truthfulness of

---

[25] *Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392, 395 (7th Cir. 2011) (commenting on a Supreme Court of Illinois case, *Avery v. State Farm*, 216 Ill.2d 100, 835 N.E.2d 801(Ill. 2005): "*Avery* also made clear that fraud claims must contain something more than reformulated allegations of a contractual breach. [Plaintiff] alleges [Defendant] never intended to restore his car to its preloss condition and failed to disclose that it regularly breaches this contractual promise. These are breach-of-contract allegations dressed up in the language of fraud. They cannot support statutory or common-law fraud claims").

[26] *Hoseman v. Weinschneider*, 322 F.3d 468, 476 (7th Cir. 2003) (citing *Cotter v. Parrish*, 520 N.E.2d 1172, 1175 (Ill. App. 5th Dist. 1988)).

[27] D.I. 1-1 (Exhs. D-F) at p. 41 to 50 of 50.

Rubbermaid's alleged inaccurate count of licensed products as is necessary to establish a claim of fraud.[28]

"To sufficiently plead reliance, plaintiffs would have to link one or more of the alleged misrepresentations with a specific act of reliance."[29] Veal failed to identify a specific misrepresentation, and certainly no misrepresentation was linked to a specific act of reliance. Veal alleges to have suffered contract damages, but damages cannot serve as a substitute for a linkage between a specific misrepresentation and Veal's reliance on that misrepresentation.[30]

Likewise, no action was taken by Veal in reliance on Rubbermaid's alleged misrepresentation. Here, the allegations in the complaint clearly demonstrate that Veal never believed in the accuracy of Rubbermaid's accounting, and even if he did believe the reports provided to him, Veal has not alleged *any* "act" taken as a result of being duped by Rubbermaid's purported inaccurate accounting.

For these reasons alone, this Court should dismiss Veal's common law fraud claim.

### 2. Veal cannot establish Rubbermaid's knowledge of the falsity of its sales data, or establish Rubbermaid's intent to induce Veal to act

Even if Rubbermaid's accounting of licensed products contained inaccuracies, Veal cannot seriously claim that Rubbermaid believed its data was false, and intended Veal to rely on the data to his detriment. Veal bases Rubbermaid's knowledge of the falsity of its sales data on one fact: Veal "repeatedly made clear" to Rubbermaid that discrepancies existed in the sales

---

[28] *JPMorgan*, 9 N.E.3d at 120 ("To state a claim for common law fraud, a party must allege . . . action by the other in reliance on the truthfulness of the statement . . .") (citations omitted).

[29] *Amzak Corp. v. Reliant Energy, Inc.*, 2004 WL 1882482, *6 (N.D. Ill. August 19, 2004) (citing *Prime Leasing, Inc. v. Kendig*, 332 Ill.App.3d 300, 310 (Ill. App. 1 Dist. 2002)).

[30] Veal failed to plead a specific misrepresentation with the particularity as required by Fed. R. Civ. P. 9(b). Accordingly, Rubbermaid is unable to ascertain which Rubbermaid statement serves as the predicate "misrepresentation" for Veal's common law fraud claim.

data.[31]

The so-called "discrepancies" are hardly smoking guns showing Rubbermaid's knowledge of the falsity of its accounting data and/or its intent to induce Veal's reliance on these data to his detriment. Of the examples given, Veal listed the differences between the amount of money on his Rubbermaid 1099 Tax form, and the amount of money he received from Rubbermaid from the same year.[32] The other "discrepancies" involved "conflicting information" about sales for the same period, or minor revisions in the data over time.[33] The Court cannot infer from these "discrepancies" that Rubbermaid intended to induce Veal to rely and act on the purported "false" information to his detriment.

The Court need only make *reasonable* inferences from the well-pled allegations in Veal's Complaint. It is not reasonable to infer Rubbermaid's intent to induce Veal to "act" in reliance on these purported discrepancies.[34] Even accepting those "discrepancies" as true, it does not follow that Rubbermaid intended to cause Veal to "act" based on his belief in the accuracy of Rubbermaid sales data. What action did Rubbermaid intend Veal to take? How did Veal take such action, and how was that action related to Veal's belief in the truthfulness of Rubbermaid's data? It is unreasonable to infer Rubbermaid's intent and knowledge of the falsity of the sales data from Veal having notified Rubbermaid of the "discrepancies" listed in the Complaint.

For this additional reason, this Court should dismiss Veal's common law fraud claim.

---

[31] D.I. 1-1 (Complaint) at ¶85.

[32] *Id.* at ¶46(e).

[33] *Id.* at ¶¶46(a)-(d), (f)-(h).

[34] It is unclear whether discrepancies in Paragraph 46 of Veal's Complaint are the "material lies" which supports Veal's fraud claim. D.I. 1-1 (Complaint) at ¶84. Fed. R. Civ. P. 9(b) Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud," which "ordinarily requires describing the 'who, what, when, where, and how' of the fraud." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (citations omitted).

### C. Veal's breach of contract claim cannot be transformed into fraud

Courts have cautioned against permitting plaintiffs from seeking punitive damages, which have long been unavailable in contract actions, by simply alleging fraud from the *same facts* giving rise to a breach of contract claim:

> There is a risk of turning every breach of contract suit into a fraud suit, of circumventing the limitation that the doctrine of consideration is supposed however ineptly to place on making all promises legally enforceable, and of thwarting the rule that denies the award of punitive damages for breach of contract.[35]

The Court in *BPI Energy Holdings, Inc. v. IEC (Montgomery), LLC*, 664 F.3d 131 (7th Cir. 2011) noted, litigants would simply always plead both fraud and breach of contract:

> [E]very victim of a breach of contract could sue for fraud, trading a slightly higher burden of pleading and proof (pleading with particularity, Fed. R. Civ. P. 9(b), and proof by clear and convincing evidence rather than by a mere preponderance, and a shorter statute of limitations—in Illinois five rather than ten years—for a shot at punitive as well as compensatory damages, while avoiding the Statute of Frauds and the parol evidence rule and any other defenses to suits for breach of contract but not for fraud.[36]

Veal seeks access to punitive damages for what appears to be a *de minimis* breach of contract claim. In this instance, this Court should heed the warnings of the courts in *Desnick* and *BPI Energy Holdings*, and prevent Veal's attempt to obtain punitive damages through a baseless fraud claim. Therefore, this case should proceed on the merits of the claim Veal properly pled, breach of contract, and nothing more.

---

[35] *Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345, 1354 (7th Cir.1995); *see also Perlman v. Zell*, 185 F.3d 850, 852 (7th Cir. 1999)(stating that "[b]reach of contract is not fraud").

[36] *BPI Energy Holdings*, 664 F.3d at 137.

## IV.   CONCLUSION

Veal's allegations are sufficient to support his breach of contract claim, Count I. Veal's second claim, Court II, for common law fraud, is based on the same set of fact that gave rise to Court I. Veal's fraud claim should be dismissed because he cannot establish (1) reliance on any misrepresentation by Rubbermaid, (2) any action on his part based on that reliance, and (3) Rubbermaid intent to cause such reliance .

Accordingly, Veal's common law fraud claim, Count II, should be dismissed.


Dated: September 4, 2014                             /s/ Mark H. Izraelewicz
                                                                        Mark H. Izraelewicz
                                                                        Andrew M. Lawrence
                                                                        Tiffany D. Gehrke
                                                                        MARSHALL, GERSTEIN & BORUN LLP
                                                                        233 South Wacker Drive
                                                                        6300 Willis Tower
                                                                        Chicago, Illinois 60606-6357
                                                                        Telephone: (312) 474-6300
                                                                        Facsimile: (312) 474-0448

                                                                        Counsel for Defendant
                                                                        RUBBERMAID COMMERCIAL PRODUCTS, LLC

**CERTIFICATE OF SERVICE**

      I, Mark H. Izraelewicz, an attorney hereby certify that on September 4, 2014, I caused a copy of the foregoing to be served via ECF upon all counsel of record.

                                                    /s/ Mark H. Izraelewicz