**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| BEN VEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-05810 |
| | ) | |
| RUBBERMAID COMMERCIAL | ) | |
| PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT OF THE PARTIES' PLANNING MEETING**

1.     **Meeting.**  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on October 3, 2014 at Marshall, Gerstein & Borun LLP and was attend by:

Jefferey O. Katz for plaintiff.

Mark Izraelewicz and Tiffany Gehrke for defendant.

2.     **Nature of the Case.**

a.     The case involves the following claims and counterclaims:

On June 19, 2014, Plaintiff filed a Complaint alleging breach of contract and common law fraud.  On July 29, 2014, Defendant removed the case to federal court.

b.     The basis for federal jurisdiction is:

This court has diversity jurisdiction over Veal's state law claims pursuant to 28 U.S.C. §§ 1332 and 1441, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

3.     **Pre-trial schedule.**  The parties jointly propose the court the following discovery plan:

1

a.      Discovery will be needed on the following subject:

Whether Defendant Rubbermaid paid the appropriate license fee to Plaintiff Veal.

b.      Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made by

**November 24, 2014**. All fact discovery to be commenced in time to be completed by

**June 12, 2015**.

c.      The parties have discussed discovery of electronically stored

information ["ESI"]. The parties acknowledge their obligation to take reasonable and

proportionate steps for preserving relevant and discoverable ESI within their possession,

custody, or control. The parties acknowledge, further, that requests for ESI, and

responses to those requests, must be reasonably targeted, clear, and as specific as

practicable. The parties propose the following methodologies for identifying ESI,

eliminating duplicative ESI, developing filters or keywords for searches:

        i.      The parties will provide documents in TIFF format, along

with extracted text, except spreadsheets will be provided in native format.

        ii.      The parties agree following categories of ESI are not

discoverable: backup data; voicemail data; mobile device and personal

PDA data; and other forms of ESI whose preservation requires

extraordinary affirmative measures that are not utilized in the ordinary

course of business.

        iii.      The parties will search for documents as kept in the

ordinary course of business and/or as queried from databases kept in the

ordinary course of business. To the extent that is not feasible, the parties

will work together to determine appropriate keywords to search data.

2

    d.    The parties expect they will need approximately five depositions.

    e.    Reports from retained experts under Rule 26(a)(2) due:

        i.    From Plaintiff:  **July 8, 2015**.

        ii.    From Defendant: **August 7, 2015**.

    f.    All discovery pertaining to retained experts under Rule 26(a)(2) to be completed by **November 12, 2015**

    g.    All potentially dispositive motions should be filed by **December 11, 2015**.

4.    **Trial Schedule.**

    a.    Final pretrial order:  Plaintiff to prepare proposed draft by **March 25, 2016**; parties to file joint final pretrial order by **April 8, 2016**.

    b.    The case should be ready for trial by **April 8, 2016** and at this time is expected to take approximately **2 days**.

5.    **Cameras in the Courtroom.** The parties anticipate there may be the following types of evidentiary hearings: bench or jury trial. The parties certify that they have consulted the court's policy concerning cameras in the courtroom and will submit the Response to Recording Request when appropriate. (http://10.205.15.104/CameraInCourt.aspx)

6.    **Settlement.**  Plaintiff provided settlement demand to Defendant on August 29, 2014.  Defendant provided a response Plaintiff's settlement demand on September 5, 2014.  The parties discussed settlement and jointly request that the Court refer this matter to mediation as soon as is practical.

7.    **Consent.**  Parties do not consent unanimously to proceed before a Magistrate Judge.

Dated:   October 3, 2014

Respectfully Submitted,


   /s/ Jefferey O. Katz                            /s/ Tiffany D. Gehrke
Jefferey O. Katz                               Mark H. Izraelewicz
THE PATTERSON LAW FIRM                         Andrew M. Lawrence
1 North LaSalle Street, Suite 2100             Tiffany D. Gehrke
Chicago, IL 60602                              MARSHALL, GERSTEIN & BORUN LLP
Telephone: (312) 223-1699                      233 S. Wacker Drive
Facsimile: (312) 223-8549                      6300 Willis Tower
jkatz@pattersonlawfirm.com                     Chicago, IL  60606
                                               Telephone: (312) 474-6300
                                               Facsimile: (312) 474-0448
Counsel for Plaintiff                          mizraelewicz@marshallip.com
BEN VEAL                                       alawrence@marshallip.com
                                               tgehrke@marshallip.com

                                               Counsel for Defendant
                                               RUBBERMAID COMMERCIAL PRODUCTS,
                                               LLC


## CERTIFICATE OF SERVICE

I, Tiffany D. Gehrke, an attorney, hereby certify that on October 3, 2014 I caused a copy of the foregoing document to be electronically filed using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                                /s/ Tiffany D. Gehrke

4